**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4301
_____

AGRON HALILI,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-824-522)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 13, 2010

Before:   RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 14, 2010)

_____

OPINION
_____

PER CURIAM

        Agron Halili petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  For the reasons that follow, we will deny the petition.

I.

Halili, a native and citizen of Albania, entered the United States as a non-immigrant visitor in 2006. A few days before his visa was set to expire, he filed an affirmative application for asylum and withholding of removal,[1] alleging past persecution and a fear of future persecution on account of his involvement and affiliation with Albania's Socialist Party. After his visa expired, he was placed in removal proceedings.

In November 2007, the Immigration Judge ("IJ") held a hearing on the merits of Halili's application. Two months later, the IJ issued a written decision denying the application. The IJ found Halili's testimony credible, but concluded that neither the unfulfilled threats that had been made against him in Albania, nor his being fired from his job there, rose to the level of persecution. Additionally, the IJ rejected Halili's claim that he would be persecuted upon returning to Albania for having exposed pension fraud at his former place of employment, concluding that he had not shown that any alleged retaliation taken against him would be on account of his political opinion or his membership in the Socialist Party or another particular social group. Finally, the IJ concluded that Halili had not shown that his fear that he himself would be implicated in the fraud was reasonable. On appeal, the BIA upheld the IJ's denial of Halili's

---

[1]Halili's brief refers to the Convention Against Torture ("CAT") despite the fact that his counsel in the proceedings before the Immigration Judge made clear that Halili was not pursuing that form of relief. (See Admin. Rec. at 83.) To the extent Halili is now trying to raise a CAT claim, it is unexhausted and thus outside the scope of our review. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

application and rejected Halili's argument that the IJ had failed to afford him a fair hearing. Halili now seeks review of the BIA's decision.[2]

## II.

An alien seeking asylum must demonstrate that he is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); see 8 U.S.C. § 1158(b). "Persecution" consists of "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," but "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). We review the agency's conclusions regarding evidence of persecution, as well as its other factual findings, for substantial evidence, see Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006), and must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

In this case, Halili has not shown that the record compels a finding of past persecution or a well-founded fear of future persecution. With respect to his claims of past persecution, he has not established that the unfulfilled threats he allegedly faced were

---

[2]We have jurisdiction over Halili's petition for review pursuant to 8 U.S.C. § 1252(a)(1).

3

sufficiently "imminent and menacing" to constitute persecution. See Li v. Att'y Gen. of the U.S., 400 F.3d 157, 164 (3d Cir. 2005). Nor has he shown that his being fired amounts to "the deliberate imposition of severe economic disadvantage" that we have held may constitute persecution. See id. at 168. As for his claims of future persecution, he does not identify any evidence that compels a finding that he has a well-founded fear of future persecution on account of his efforts to expose fraud at his former place of employment. Accordingly, the agency did not err in denying his asylum claim. Because Halili cannot prevail on his asylum claim, he cannot meet the higher standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

Halili contends that the agency failed to consider all of the evidence, and that the IJ violated his due process rights by denying him a full and fair hearing. We disagree. Having reviewed the record, we are confident that the agency considered all of the evidence, and we find no violation of due process. Contrary to Halili's assertions, neither the questions the IJ posed to Halili during his testimony, nor the IJ's interactions with Halili's counsel during the hearing, were inappropriate. We have considered Halili's remaining arguments and conclude that they lack merit.[3]

In light of the above, we will deny Halili's petition.

---

[3]Halili argues, inter alia, that "[t]he agency erred when it found changed country conditions," and that it should have considered whether to grant asylum "notwithstanding any perceived change in country conditions." (Halili's Brief at 12, 17.) This argument is misplaced, for the agency did not deny his asylum claim based on a change in country conditions.

4